MANATT, PHELPS & PHILLIPS, LLP
CHRISTINE M. REILLY (Bar No. 226388)
E-mail: CReilly@manatt.com
JUSTIN JONES RODRIGUEZ (Bar No. 279080
E-mail: JJRodriguez@manatt.com
KRISTIN E. HAULE (Bar No. 312139)
E-mail:  KHaule@manatt.com
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
PeopleConnect, Inc. d/b/a Intelius

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON MYUNG ROGERS,<br><br>          Plaintiff,<br><br>v.<br><br>INTELIUS INC. and DOES 1-20,<br><br>          Defendants. | No.  3:19-cv-3416<br><br>**DEFENDANT PEOPLECONNECT, INC. D/B/A INTELIUS'S NOTICE OF REMOVAL**<br><br>[Removal of civil action from Superior Court of California, City and County of San Francisco, Case No. CGC-18-571620]<br><br>[Filed concurrently with:<br>(1) Certification of Interested Entities or Persons;<br>(2) Corporate Disclosure Statement;<br>(3) Certificate of Service.] |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S
NOTICE OF REMOVAL

Defendant PeopleConnect, Inc. d/b/a Intelius ("PeopleConnect" or "Defendant"), pursuant to 28 U.S.C. Section 1441, removes to this Court the state action described below, which is within the original jurisdiction of this Court and properly removed under 28 U.S.C. Sections 1332, 1367, 1441, 1446, and 1453. Pursuant to 28 U.S.C. Section 1446(d), copies of this Notice of Removal are being served upon counsel for Plaintiff Jason Myung Rogers ("Plaintiff") and filed with the Clerk of the California Superior Court for the City and County of San Francisco.

## PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL

1. On November 28, 2018, Plaintiff filed a purported class action captioned *Rogers v. Intelius, Inc.*, Case No. CGC-18-571620, against PeopleConnect in California Superior Court, City and County of San Francisco, Case No. CGC-18-571620. The original complaint, which erroneously identified Intelius, Inc. as defendant, was never served.

2. On January 3, 2019, Plaintiff filed the First Amended Complaint ("FAC"). The FAC and Summons appear to have been served on Steven D. Cooper of Long Beach, California, who appears to be connected to a California corporation by the name of "PeopleConnect, Inc." That company (and Mr. Cooper) is unrelated to the Delaware corporation, PeopleConnect, Inc., Defendant in this action.

3. On April 16, 2019, Plaintiff amended the FAC to correct Defendant's name from "Intelius, Inc." to "PeopleConnect, Inc. d/b/a Intelius."

4. On May 17, 2019, Plaintiff served Defendant with the FAC, Summons, Case Management Conference Order, Amendment to the FAC, Statement of Damages, San Francisco County's Alternative Dispute Resolution Information Package, and Case Management Statement.

5. This notice is timely pursuant to 28 U.S.C. Section 1446(b) because it is filed within 30 days of May 17, 2019.

6. A true and correct copy of the Register of Actions in the State Court

Proceeding is attached to this Notice as Exhibit 1.

7. True and correct copies of all process, pleadings, and orders served upon PeopleConnect in the State Court Action are attached to this Notice as Exhibit 2.

## NO JOINDER NECESSARY

8. Because there are no other defendants in this action, no consent to removal is necessary.

## ALLEGATIONS OF THE FAC

9. This action is a putative class action against PeopleConnect on behalf of those who, according to Plaintiff, have been harmed by PeopleConnect's selling of criminal history reports to its customers. The caption page of Plaintiff's FAC alleges causes of action for (1) defamation; (2) intentional infliction of emotional distress; (3) general negligence; (4) violation of California Business & Professions Code Section 17200; and (5) violation of California Business & Professions Code Section 17500. In contrast, the body of Plaintiff's FAC alleges causes of action for (1) intentional infliction of mental distress; (2) libel per se; (3) general negligence; (4) violation of California Business & Professions Code Section 17500; and (5) violation of California Business and Professions Code 17200.

10. The FAC seeks general, compensatory, special, punitive, and exemplary damages, as well as injunctive relief, restitution, private attorney general fees, and costs of suit. FAC ¶¶ 126-130.

11. PeopleConnect disputes Plaintiff's allegations, believes the FAC lacks merit, and denies that Plaintiff or the putative class members have been harmed in any way.

## DIVERSITY JURISDICTION

12. This Court has original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

13. <u>Amount in Controversy</u>. The amount in controversy exceeds $75,000. Plaintiff's Statement of Damages attached to the FAC alleges $350,000 in general damages and $65,000 in special damages ($415,000 total).

14. Plaintiff also seeks injunctive relief. When evaluating the value of an injunction for amount in controversy purposes, the Ninth Circuit follows the "either viewpoint" rule. Under the "either viewpoint" rule, the amount in controversy is the pecuniary result the judgment would directly produce to either party. This pecuniary result includes the cost to defendant to implement an injunction. *See, e.g.*, *In re Ford Motor Co./Citibank*, 264 F.3d 952, 958 (9th Cir. 2001), *cert. granted in part sub nom. Ford Motor Co. v. McCauley*, 534 U.S. 1126 (2002), *and cert. dismissed*, 537 U.S. 1 (2002); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 405 (9th Cir. 1996). The costs to implement an injunction in this case would also exceed $75,000 because, among other reasons, Plaintiff seeks an injunction to stop PeopleConnect from selling certain background reports. *See* FAC ¶ 131.

15. <u>Diversity of Citizenship</u>. Plaintiff and Defendant are citizens of different states. Plaintiff is a citizen San Francisco, California, where he both lives and works. FAC ¶ 3, 6, 76. Defendant is incorporated in Delaware with its principal place of business in Washington. FAC ¶ 5.

16. <u>Supplemental Jurisdiction</u>. This Court may choose to adjudicate any state-law claims that are so related that they form part of the same case or controversy under Article III. 28 U.S.C. Section 1367(a).

## CAFA JURISDICTION

17. This action is within the original jurisdiction of this Court, and removal is therefore also proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. Section 1332(d), which grants district courts original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and any member of the class of plaintiffs is a citizen of a State different from any defendant. As set forth below, this action satisfies each of the

requirements of Section 1332(d)(2) for original jurisdiction under CAFA. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

18. <u>Covered Class Action</u>. This action meets the CAFA definition of a class action, which is "any civil action filed under [R]ule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a) & (b); FAC ¶ 7.

19. <u>Diversity</u>. The required diversity of citizenship under CAFA is satisfied because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is a citizen of San Francisco, California as of the time the lawsuit was filed. 28 U.S.C. § 1332(d)(7). FAC ¶ 3, 6, 76. PeopleConnect is incorporated in Delaware with its principal place of business in Washington. FAC ¶ 5. Thus, the diversity requirements of CAFA are satisfied. 28 U.S.C. § 1332(d)(2)(A).

20. <u>Class Action Consisting of More than 100 Members</u>. Plaintiff alleges PeopleConnect has sold information to over 30 million customers since its inception in 2003 and that its information services are based on its collection of more than 15 billion records. FAC ¶¶ 24, 84-85, 89, 111. Therefore, PeopleConnect reasonably believes the number of purported class members, in the unlikely event that Plaintiff can certify a class, would be greater than 100.

21. <u>Amount in Controversy</u>. Under CAFA, the claims of the individual class members are aggregated to determine if the amount in controversy exceeds the requested "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). Plaintiffs seek damages, injunctive relief, and fees. FAC ¶¶ 126-130. Plaintiff claims damages as to himself of $415,000 (not include punitive damages, fees, or costs). Just thirteen class members claiming similar damages would exceed the $5,000,000 threshold. Without conceding any merit to the FAC's damages allegations or causes of action, PeopleConnect reasonably believes the amount placed in controversy by Plaintiff here would satisfy CAFA's

jurisdictional threshold.

## CONCLUSION

22. Defendant PeopleConnect, having satisfied all requirements for removal pursuant to 28 U.S.C. Sections 1332, 1367, 1441, 1453, and 1446, respectfully submits this Notice of Removal, requests that the Action be removed, and requests that the Court assume full jurisdiction over the case as provided by law.

WHEREFORE, PeopleConnect respectfully removes this action from the California Superior Court, County of San Francisco, to this Court.

Dated: June 14, 2019         MANATT, PHELPS & PHILLIPS, LLP


By: */s/ Justin Jones Rodriguez*
Christine M. Reilly
Justin Jones Rodriguez
Kristin E. Haule
*Attorneys for Defendant*
PeopleConnect, Inc. d/b/a Intelius

323862789.2