Ronald M. Toran. (SBN: 84027)
264 20th Avenue
San Francisco, California 94121
Telephone (415) 919-9033
rmt@toranlawsf.com
Attorney for Plaintiff
JASON MYUNG ROGERS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JASON MYUNG ROGERS, | No. 3:19-cv-03416-JCS |
| Plaintiff, | -**CLASS ACTION**- |
| vs. | **PLAINTIFF'S OPPOSITION TO DEFENDANT PEOPLECONNECT, INC. d/b/a INTELIUS'S EX PARTE APPLICATION FOR TIME EXTENSION** |
| PeopleConnect Inc., d/b/a Intelius | |
| Defendants. | |

Plaintiff, Jason Myung Rogers ("Jason or Plaintiff") respectfully hereby opposes Defendant PeopleConnect Inc., d/b/a Intelius'S ("PeopleConnect or Defendant") ex parte Application to Extend ("Application") Time because it is not supported by good cause. Good cause does not exist for the following reasons:

1. Defendant was served with the operative complaint and summons on May 17, 2019. *See* R.Toran Decl ¶6.

2. Also, on May 17, 2019 Defendant was served with Plaintiff's statement of Damages which claimed MILLIONS of dollars in damages. *See* R.Toran Decl ¶6.

3. According to Defendant' attorney, Justin Rodriguez, he was not retained until June 11, or three weeks after Defendant was served with Plaintiff's pleading on moving papers.

    a. That Defendant, PeopleConnect, a billion dollar corporation elected to wait three entire weeks before hiring representation for a putative class action, especially when they were served with the abovementioned Statement of Damages, was their decision to do so, and they must have known that they were putting Mr. Rodriguez and his law firm of MANATT, PHELPS & PHILLIPS, LLP into a tight situation with limited time to respond to Plaintiff's lawsuit.

    b. Furthermore, it was Defendant's high-powered law firm, MANATT, PHELPS & PHILLIPS who elected to assign the case to Mr. Rodriguez, and they must have known prior to doing so, that he had an allegedly "pre-paid family vacation," calendared for June 20, 2019, which also happened to directly following the last day Defendant's were able to file this ex Parte Application to extend time.

    c. This does not even remotely approach a semblance of good cause. Every choice described above was done by extremely wealthy, highly educated, highly

intelligent, and highly powerful individuals. When these people made the choices they did, they did so while fully understanding the implications of said decisions. Mr. Rodriguez's seemingly earnest and forthright Declaration and Application, wherein which he paints Plaintiff's counsel as having mislead him into believing he would stipulate to a month long time extension over the course of the last weak leading up to Defendant's deadline to respond, is not an accurate depiction of our communications.

d.  When I spoke with Mr. Rodriguez on June 13, 2019, I informed him that I would consider signing a Stipulation to extend time for Defendant to respond, only on the condition that Defendant did not remove the case to Federal Court. It is absurd, and untrue, that I would orally agree to an unqualified and broad stipulation, absent any terms in Plaintiff's favor before even seeing a draft of said stipulation. Yet this is precisely how Mr. Rodriguez intended to falsely frame and obfuscate the true substance of our conversation, beginning with his very first email to me in which he thanks me for agreeing to his stipulation, and then continuing in each of his following 3 email wherein Mr. Rodriguez ever so tactfully slides in a mention or reference to our illusory agreement.

e.  As I hadn't checked my email over the weekend, it wasn't until Monday June 17, 2019 that I first saw the litany of  Mr. Rodriguez's misleading emails. Shockingly, Mr. Rodriguez's even went as far as to attach a multi-page Stipulation to his June 17, 2019 email wherein he dated and electronically signed my name on my behalf before even sending it to me! Mr.Rodriguez is a highly experienced attorney with almost a decade of litigation experience under his belt,

therefore, to pretend that he is a wet-behind the-ears baby-lawyer who was duped by an older sly and manipulative lawyer is a textbook play, is highly disingenuous.  But more importantly, no matter how hard Mr. Rodriguez plays the doe-in-the-headlights, he can't change the simple truth that Defendant's last-minute ex parte application to extend time is not supported by just or good cause.

4. Furthermore, Mr. Rodriguez representation concerning his alleged "pre paid family vacaation," purportedly calendared for June 20, 2019 is irrelevant because there are two other listed attorneys of record who also represent Defendant. They are Christine M. Reilly (226388) and Kristine E. Haule (312139).

   a. Together, this attorney tri-fecta, unquestionably had the time, resources, and ability to prepare, file and serve a response to the operative Complaint, on or before the statutory deadline of June 21, 2019 based on Mr. Rodriguez's own representation in his Declaration that his firm was retained June 11, 2019. *See* J.Rodriguez Dec.¶2. Amongst these three attorneys, their must be two paralegals, two secretaries, and at least one intern working on this case- a litigation group just one shy from fielding a starting baseball team. Ten entire days, i.e. from June 11 to June 21, 2019 was more than enough time for this legal battalion to get respond to Plaintiff's complaint. There is simply no excuse for them to have waited until Jun 14, 2019 to remove the case, and then until June 19, 2019 to file an ex parte application to extend their deadline of June 21, 2019. *See* J.Rodriguez Dec.¶5.

   b. Furthermore, any *prejudice* imposed on Defendant by forcing him to comply with the statutory deadline to respond to a complaint in Federal Court, was

entirely self-imposed and it is not the Court's duty, nor is it the Court's own self interest to validate, reward, and ratify this type of behavior either by billion dollar corporate litigants or their equally well-monied representation. They made their bed, and they should have to sleep in it. I'm sure Ms. Haule and Ms. Reilly can get a reply on file by June 21, 2019.

    c.    Lastly, Mr. Rodriguez has falsely informed the Court that it was not until the late afternoon of June 19, 2019 that he learned Plaintiff would not agree to sign a stipulation to extend the time for Defendant to respond to the complaint, yet the truth is that during our June 13, 2019 conversation I made it clear that I would only consider agreeing to the subject stipulation if Defendant agreed not remove to Federal Court. *See* R.Toran Dec.¶3(a).

5.   Based on the preceding, Plaintiff respectfully requests that the Court deny Defendant ex parte Application for an extension of time. Alternatively, should the Court be inclined to grant any time extension, Plaintiff requests that it only grant Defendant's an extension until June 28, 2019.

Respectively submitted on this 20th day of June 2019 at San Francisco, California

By:       */S/ Ronald M. Toran*
               RONALD M. TORAN
               Attorney for Plaintiff
               JASON MYUNG ROGERS