MANATT, PHELPS & PHILLIPS, LLP
CHRISTINE M. REILLY (Bar No. 226388)
E-mail: CReilly@manatt.com
JUSTIN JONES RODRIGUEZ (Bar No. 279080)
E-mail: JJRodriguez@manatt.com
KRISTIN HAULE (Bar No. 312139)
E-mail: KHaule@manatt.com
11355 West Olympic Boulevard
Los Angeles, California 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

*Attorneys for Defendant*
PEOPLECONNECT, INC. D/B/A INTELIUS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JASON MYUNG ROGERS,

Plaintiff,

v.

INTELIUS INC. and DOES 1-20,

Defendants.

No. 3:19-cv-03416-JCS

**CLASS ACTION**

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Hon. Joseph C. Spero
Date: September 13, 2019
Time: 2:00 p.m.
Courtroom: G – 15th Floor

Complaint Filed: November 28, 2018
FAC Filed: January 3, 2019
Removed: June 14, 2019

# TABLE OF CONTENTS


Page

I. INTRODUCTION ..... 1
II. PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ..... 1
  A. Plaintiff Fails to Adequately Allege Extreme and Outrageous Conduct ..... 2
  B. Plaintiff Fails to Adequately Allege Extreme Emotional Distress ..... 4
  C. Plaintiff Fails to Adequately Plead Causation ..... 5
III. PLAINTIFF FAILS TO STATE A CLAIM FOR LIBEL ..... 6
  A. Plaintiff's Claim is Time Barred ..... 6
  B. The Truth of the Statement as Pleaded is Properly at Issue ..... 7
  C. There is no Colloquy or Innuendo in Database Search Results ..... 8
  D. Plaintiff Has Not Pleaded Special Damages ..... 9
IV. PLAINTIFF FAILS TO STATE A NEGLIGENCE CLAIM ..... 10
  A. Plaintiff Fails to Adequately Allege Breach of the Duty Ordinary Care ..... 10
  B. Plaintiff Fails to Adequately Allege Causation ..... 11
  C. Plaintiff Fails to Adequately Allege Negligence Per Se ..... 12
V. PLAINTIFF FAILS TO STATE FALSE ADVERTISING OR UNFAIR COMPETITION CLAIMS ..... 13
  A. Plaintiff Fails to Adequately Allege Standing ..... 13
  B. Additional Reasons Plaintiff Fails to State an FAL Claim ..... 14
  C. Additional Reasons Plaintiff Fails to State a UCL Claim ..... 15
VII. CONCLUSION ..... 15

# TABLE OF AUTHORITIES

Page

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ........ 9, 11

*Balido v. Improved Machinery, Inc.*, 29 Cal. App. 3d 633 (1972) ........ 5, 6

*Bank of the W. v. Super. Court*, 2 Cal. 4th 1254 (1992) ........ 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ........ 1, 7

*Christenson v. Super. Court (Pasadena Crematorium of Altadena)*, 54 Cal. 3d 868 (1991) ........ 3, 4

*Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663 (2006) ........ 14

*Coppola v. Smith*, 935 F. Supp. 993 (E.D. Cal. 2013) ........ 13

*Couch v. San Juan Unified Sch. Dist.*, 33 Cal. App. 4th 1491 (1995) ........ 8

*Dalkilic v. Titan*, 516 F. Supp. 2d 1177 (2007) ........ 2, 3

*Folgerstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986 (2011) ........ 13

*Gooch v. Am. Eagle Airlines, Inc.*, No. 2:13-cv-02272-CAS(VBKx), 2014 WL 5023216 (C.D. Cal. Oct. 6, 2014) ........ 3

*Harden v. Dell, Inc.*, No. CV 11-09618 CAS, 2012 WL 12787 (C.D. Cal. Jan. 3, 2012) ........ 3

*Hughes v. Pair*, 46 Cal. 4th 1035 (2009) ........ 2

*Hughey v. Candoli*, 159 Cal. App. 2d 231 (1958) ........ 11

*In re Tobacco II Cases*, 46 Cal. 4th 298 (2009) ........ 14

# TABLE OF AUTHORITIES
## (continued)

Page

*Lavie v. Procter & Gamble Co.*,
105 Cal. App. 4th 496 (2003) .......... 14

*Perez v. VAS S.P.A.*,
188 Cal. App. 4th 658 (2010) .......... 5, 6

*Shively v. Bozanich*,
31 Cal. 4th 1230 (2003) .......... 7

*Spencer v. DHI Mortg. Co. Ltd.*,
642 F. Supp. 2d 1153 (E.D. Cal. 2009) .......... 10, 13

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .......... 4, 10

*Stanwood v. Mary Kay, Inc.*,
941 F. Supp. 2d 1212 (2012) .......... 14

*Warner v. Tinder Inc.*,
105 F. Supp. 3d 1083 (2015) .......... 13, 14

*Wells v. Regents of Univ. of Cal.*,
No. 15-cv-01700-SI, 2015 WL 6746820 (N.D. Cal. Nov. 5, 2015) .......... 3

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1134 (C.D. Cal. 2010) .......... 7

**STATUTES**

California Civil Code § 45 .......... 13

California Penal Code § 532 .......... 13

Evidence Code § 669 .......... 10



MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

## I. INTRODUCTION

Plaintiff's entire case hinges on the untenable idea that when a user searches a name in a commercial database or online search engine, the owner of that database commits libel unless the search results are all a perfect match to the actual person being searched. PeopleConnect and other companies that provide online search tools to consumers respond to consumer-driven queries. In this case, PeopleConnect responded to a search of the name "Jason Rogers" with a list of people named "Jason Rogers" who had been convicted of federal crimes. Like other databases and search engines, PeopleConnect cannot know whether the subject of the search has used other identities, changed locations, or otherwise modified their personal identifying information. Accordingly, PeopleConnect provides users with a list of "potential matches" based on the information provided by each user. If this Court were to adopt Plaintiff's position, every background report database would be committing libel by providing comprehensive search results in response to a query. That cannot be the law. Internet criminal background searches, and internet searches generally, are an extremely common aspect of modern life that should not give rise to liability every time someone runs a search.

Plaintiff has failed to allege facts sufficient to state any claim to relief against PeopleConnect that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). For each of the reasons detailed below and in PeopleConnect's motion to dismiss the First Amended Complaint (FAC), PeopleConnect respectfully requests that the Court issue an order dismissing the FAC without leave to amend.

## II. PLAINTIFF FAILS TO STATE A CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Plaintiff's Intentional Infliction of Emotional Distress (IIED) claim fails on all three elements: (1) extreme and outrageous conduct with the intent to cause or reckless disregard of the possibility of causing emotional distress; (2) extreme

emotional distress; and (3) actual and proximate causation. *See Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009).

**A. <u>Plaintiff Fails to Adequately Allege Extreme and Outrageous Conduct.</u>**

On the first element, Plaintiff argues that the FAC alleges sufficient facts to show extreme and outrageous conduct because "Plaintiff has alleged that Defendant engages in a practice of knowingly selling false and deceptive Federal Criminal History Reports with the actual knowledge that said Criminal History Reports have and may cause serious personal injury." Opp. at 10:3-5. But the facts that Plaintiff alleges about the "Jason Rogers" search do not support the conclusory allegation that PeopleConnect knowingly sells false criminal history reports.

Plaintiff alleges only that in response to a system search for "Jason Rogers," PeopleConnect produced results showing criminal records for people named "Jason Rogers" and indicated that one or more of them "may" be the Jason Rogers for whom they searched. FAC ¶ 38. The FAC does not describe how the Lees performed their search. It alleges only that the Lees "selected" a "Jason Rogers." *Id*. In his opposition, Plaintiff argues that "[t]he Lees paid a fee to Defendant and entered Plaintiffs [sic] full name and other identifying information into Defendant's search engine." Opp. at 4:12-13. Although Plaintiff cites 5 FAC paragraphs (2, 16, 36-38) as support, none of them state that the Lees provided anything more than the name "Jason Rogers" to PeopleConnect. The search at issue was of the name "Jason Rogers" and PeopleConnect responded to that query. Such commonplace commercial conduct is not extreme and outrageous.

Plaintiff tries to circumvent this pleading deficiency by citing *Dalkilic v. Titan*, 516 F. Supp. 2d 1177, 1188 (2007) for the proposition that the outrageousness of conduct is a question for the trier of fact that cannot be decided on a motion to dismiss. Opp. at 9:24-10:2. That is not the holding of *Dalkilic*. That case explained that courts may evaluate, as a matter of law, whether the alleged

conduct may reasonably be regarded as so outrageous as to permit recovery. *Dalkilic*, 516 F. Supp. 2d at 1188. The Court then evaluated plaintiff's IIED claim on the pleadings. *See id.*; *see also Wells v. Regents of Univ. of Cal.*, No. 15-cv-01700-SI, 2015 WL 6746820, *7 (N.D. Cal. Nov. 5, 2015) (whether a defendant's conduct is sufficiently outrageous is a question of law that must initially be determined by the court); *id.* (dismissing IIED claim for failure to allege specific outrageous conduct directed at each plaintiff); *Gooch v. Am. Eagle Airlines, Inc.*, No. 2:13-cv-02272-CAS(VBKx), 2014 WL 5023216, *6 (C.D. Cal. Oct. 6, 2014) (granting motion to dismiss IIED claim without leave to amend where conduct alleged—leaking private information and discriminatory promotion decision—was not "outrageous" under California and Ninth Circuit law). PeopleConnect requests that this Court similarly dismiss Plaintiff's IIED claim on the pleadings.[1]

Plaintiff does not allege any outrageous conduct. As PeopleConnect correctly argued in the motion, Plaintiff must allege conduct that "extends all bounds usually tolerated by decent society." *Christenson v. Super. Court (Pasadena Crematorium of Altadena)*, 54 Cal. 3d 868, 905 (1991). Ordinary commercial conduct does not constitute the type of sufficiently extreme and outrageous conduct necessary to support a claim for IIED. Courts routinely apply this principle to the employment context. *See, e.g.*, *Harden v. Dell, Inc.*, No. CV 11-09618 CAS (CWx), 2012 WL 12787, *5 (C.D. Cal. Jan. 3, 2012) ("As a matter of law, normal personnel actions such as terminating an employee, even without good cause, do not constitute the type of sufficiently extreme and outrageous conduct necessary to support a claim for [IIED]."). The logic of cases like *Harden* applies even more to this case where PeopleConnect's sole role was to offer a background report for sale and provide

[1] *Dalkilic* is also factually inapposite. The plaintiff in that case alleged that defendants forced Turkish citizens to interrogate Turkish soldiers in Iraq, then left them on the streets of Baghdad where they faced threats and retaliation without any security protection. *Dalkilic*, 516 F. Supp. 2d at 1188. PeopleConnect, in contrast, responded to an internet search with publicly available factual information.

results based on the data that a client inputted. Such normal, everyday commercial conduct does not give rise to liability for IIED or any other tort.

As PeopleConnect argued in the motion, the first element also includes an intent component. Motion at 7:13-22. The California Supreme Court has set a high bar for IIED claims: Plaintiffs must allege conduct by defendants that "was directed primarily at [plaintiffs], was calculated to cause them severe emotional distress, or was done with knowledge of their presence and of a substantial certainty that they would suffer severe emotional injury." *Christenson*, 54 Cal. 3d at 906. Plaintiff has not alleged facts showing that PeopleConnect calculated its search results to cause him emotional distress. Nor has Plaintiff alleged that PeopleConnect had knowledge of a "substantial certainty" that Plaintiff would suffer severe distress.

Plaintiff's only response in the opposition is that PeopleConnect has been sued before by other plaintiffs and has therefore "recklessly disregard[ed] the possibility of emotional distress" in this case. Opp. 10:8-15. Plaintiff does not identify any specific prior lawsuits or the facts or judgments in those cases. Plaintiff also misstates the standard for intent. Plaintiff is required to plead facts showing either that PeopleConnect calculated its conduct to cause emotional distress or, in the case of reckless conduct, that it had "knowledge of [Plaintiff's] presence and of a substantial certainty that [he] would suffer severe emotional injury." *Christenson*, 54 Cal. 3d at 906. Plaintiff does not plead facts sufficient to make either showing.

### B. Plaintiff Fails to Adequately Allege Extreme Emotional Distress.

On the second element, extreme emotional distress, Plaintiff argues that allegations of anxiety, depression, and PTSD are sufficient to survive a motion to dismiss. PeopleConnect agrees that PTSD and other clinical conditions may qualify as "extreme emotional distress." This misses the point. Plaintiff cannot survive a motion to dismiss merely by reciting a mental health diagnosis. The Court is not required to accept as true allegations that amount to unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

PeopleConnect's conduct (publishing a high-level background report consisting of one sentence and five court docket entries in response to a name search) is not the type of conduct that reasonably should cause PTSD or anxiety disorder. Plaintiff's bare allegation that he has been diagnosed with PTSD is insufficient.

**C. <u>Plaintiff Fails to Adequately Plead Causation.</u>**

Plaintiff's FAC contains a single causation allegation specific to PeopleConnect and IIED: "Said extreme and outrageous conduct was a substantial contributing factor in causing ROGERS to suffer severe emotional distress." FAC ¶ 63. Plaintiff, however, fails to allege any facts to support the legal conclusion that PeopleConnect's conduct was a substantial factor in causing Plaintiff's alleged emotional distress.

Although Plaintiff fails to plead facts showing that PeopleConnect caused harm, Plaintiff pleads many facts showing that the Lees caused Plaintiff's alleged injury. *See, e.g.*, FAC ¶¶ 43 (the Lees made defamatory statements to numerous third parties based on Bryan Lee's own research into an Arkansas), 44 (the Lees chose to purchase and publish certain information to numerous parties, including government officials, with whom PeopleConnect had no contact), 93 (the Lees used information to harm and defame Plaintiff by contacting Plaintiff's other neighbors, landlord, employer, police officers, and San Francisco officials). As pleaded, this conduct constitutes a superseding cause that shields PeopleConnect from liability as a matter of law. *See Perez v. VAS S.P.A.*, 188 Cal. App. 4th 658, 680-81 (2010) ("A superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about.").

Plaintiff argues that the Court cannot decide whether there is a superseding cause on the pleadings, and cites *Balido v. Improved Machinery, Inc.*, 29 Cal. App. 3d 633 (1972) for that proposition. Opp. at 11:15-24. That is not the holding of *Balido*. *Balido* is a products liability case that involved two tortious actors in the

supply chain. On the issue of superseding causation, the court concluded that "the extent to which designers and manufacturers of dangerous machinery are required to anticipate safety neglect presents an issue of fact." *Balido*, 29 Cal. App. 3d at 645. The court emphasized that its superseding cause analysis was "with respect to machinery dangerous to life and limb." *Id.* at 647. That decision has no bearing on this case. Plaintiff cites no authority for the proposition that a company like PeopleConnect (that did not act tortuously) should anticipate conduct as extreme as the Lee's decision to target Plaintiff and defame him to numerous persons and entities with information that was not even in the PeopleConnect report.[2] Plaintiff's IIED claim fails and cannot be repaired by amendment.

## III. <u>PLAINTIFF FAILS TO STATE A CLAIM FOR LIBEL.</u>

Plaintiff asserts that he has adequately pleaded a claim for libel because (1) the Discovery Rule tolls the 1-year statute of limitations; (2) Plaintiff's "affirmative defense" of truth is not properly before the Court at this stage; (3) libel may be implied by the colloquy between speaker and listener; and (4) although not required for libel per se, Plaintiff has pleaded special damages. All four arguments fail.

### A. <u>Plaintiff's Claim is Time Barred.</u>

Plaintiff advances two arguments for why his claim is not time barred: (1) the publication at issue was private, and therefore the Discovery Rule tolled the statute of limitations until the date Plaintiff discovered it; and (2) Defendant has not alleged facts as to why Plaintiff should have discovered it earlier. These also fail.

Plaintiff first asserts that the publication at issue was private, secret, and "inherently undiscoverable" because it was made only to the Lees. Opp. at 13:18-23. To the contrary, PeopleConnect's background reports were and are publicly

---

[2] Plaintiff also argues that the Lees conduct was foreseeable because of something in PeopleConnect's SEC filings, and cites *Perez v. VAS S.P.A.*, 188 Cal. App. 4th 658 (2010) for that proposition. Opp. at 11:21-24. This argument is nonsensical. Neither the FAC nor the *Perez* case say anything about the SEC, PeopleConnect's regulatory filings, or how such filings would impact an IIED claim.

accessible on the internet. PeopleConnect did not write down a statement on a piece of paper and surreptitiously hand it to the Lees and only the Lees. Instead, PeopleConnect provided the Lees with five court docket entries, that are also publicly available. Like a commercial book or periodical, PeopleConnect's compilation of those entries into a single report is also publicly available to anyone who wants it. *See Shively v. Bozanich*, 31 Cal. 4th 1230, 1250 (2003).

But even if the Discovery Rule does apply, it operates to toll the statute of limitations only to the date Plaintiff actually discovered the report or when he knew *or should have known of the report's existence*. *See* Motion at 11:2-11. Knowing he faces a clear statute of limitations problem, Plaintiff conveniently asserts (albeit in conclusory fashion) that he did not actually discover the report until exactly one year before he filed the instant complaint. He does not allege how he discovered the report or why he could not have discovered it earlier; both are requirements to plead late discovery and toll the statute of limitations. *See Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1134, 1141 (C.D. Cal. 2010) ("In order to invoke [the delayed discovery exception] to the statute of limitations, the plaintiff must specifically plead facts which show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."). Without these allegations, Plaintiffs libel claim should be dismissed because it is outside the statute of limitations.[3]

### B. <u>The Truth of the Statement as Pleaded is Properly at Issue.</u>

Plaintiff argues, without any legal support, that the affirmative defense of truth is a factual, not a legal argument, and therefore is not properly addressed at the

---

[3] Plaintiff attempts to shift his pleading burden to PeopleConnect: "Defendant advances said argument without alleging any facts that tend to demonstrate that Plaintiff should have discovered the subject publication before November 28, 2017." Opp. at 14:1-3. Plaintiff bears the burden to plead "enough facts to state a claim to relief" that rises "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

pleadings stage. The exact opposite is true. *See Couch v. San Juan Unified Sch. Dist.*, 33 Cal. App. 4th 1491, 1500 (1995) ("Whether published material is reasonably susceptible of an interpretation which implies a provably false assertion of fact—the dispositive question in a defamation action—**is a question of law for the court**." (emphasis added)). This question must be evaluated pursuant to how "the reasonable or 'average' reader would so interpret the material." *Id.* The Court can evaluate the plain language of the statement at issue as it is alleged to determine whether it is reasonably susceptible to a libelous interpretation.

On its face, the statement that there are *possible* criminal background reports, and one or more of the listed reports *may* be the "Jason Rogers" for whom the Lees searched is true. The statements at issue do not state that any person, let alone Plaintiff, committed a crime. Plaintiff's libel claim fails for this reason alone.

Plaintiff argues that PeopleConnect knew that Plaintiff had never committed any federal crime, and therefore, the offer to sell a criminal background report was misleading. That is not a plausible allegation. The facts, as alleged, are that the Lees performed a search of the name "Jason Rogers." Based on that name, PeopleConnect provided the Lees with a short list of potential matches. Plaintiff's theory of the case would stretch the definition of libel to encompass every instance when someone uses a search engine to research another person, and the results are less than an exact match.

**C. <u>There is no Colloquy or Innuendo in Database Search Results.</u>**

Plaintiff suggests that the statement at issue is libel because there is some colloquy or innuendo inherent in the statement. Opp. at 17:18-20. Plaintiff goes so far as to analogize the comprehensive list of "Jason Rogers" criminal background reports as a person saying "I've got detailed information about that guy, and he *may* be the child rapist that's been stalking the neighborhood." Opp. at 5:27-6:5. This analogy is absurd and offensive. First, there is no allegation that PeopleConnect ever represented that it has "detailed information" about Plaintiff; only that the Lees

searches his name. More importantly, there is no innuendo, colloquy, or tone of voice between a human and a computer database. PeopleConnect is not a person who knows exactly who Plaintiff is, or that Plaintiff does not have a federal criminal profile, but nonetheless spreads a rumor that he *may*. As alleged in the FAC, PeopleConnect compiles public background report data and permits consumers to query its database. A reasonable person doing an internet background search on the name "Jason Rogers" would immediately understand that the "possible criminal background reports" is a list of all criminal background reports for anyone named Jason Rogers (with differing middle initials) located throughout the country. Like other search engines, PeopleConnect provides a comprehensive list to ensure that no potential match is missed. PeopleConnect had no way of knowing that the Lees were searching for Plaintiff, the Jason Rogers that is their neighbor, specifically. Plaintiff does not allege otherwise. Plaintiff's assertion that "colloquy" somehow transforms "possible match" search results into libel does not withstand scrutiny. The statement, as pleaded, is not reasonably susceptible to a libelous interpretation. Plaintiff's libel per se claim thus fails as a matter of law.

**D. Plaintiff Has Not Pleaded Special Damages.**

Plaintiff is required to plead special damages because the type of libel at issue, if any, is not libel per se. Plaintiff contends that he pleaded special damages in the FAC, paragraphs 20, 46, 63, 77, 87, 96. Only two paragraphs (20 and 77) make any mention of financial or economic damage at all, but the mere phrases "financial and economic damages" and "financial injury" in these paragraphs are conclusory and unsupported by any factual allegations whatsoever.[4] *See Ashcroft v.*

---

[4] None of the paragraphs Plaintiff cites allege a factual basis for economic injury. *See* FAC ¶¶ 20 (claiming "financial and economic damages" without alleging the basis for such damages), 46 (no assertion of financial damage at all), 63 (same), 77 (alleging "financial injury" without any supporting fact, and as part of a laundry list of boilerplate damages), 87 (incorporating prior paragraphs, but making no new allegations), 96 (alleging that the Lees, not Plaintiff, made a purchase).

*Iqbal*, 556 U.S. 662, 678 (2009) (although all *factual* allegations are taken as true, the Court need not accept as true "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]"); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("legal conclusions cast in the form of factual allegations" not taken as true). Therefore, even if Plaintiff's libel claim were not time barred (which it is), Plaintiff has failed to plead any factual basis whatsoever supporting a claim of financial damage. Plaintiff's claim for libel must be dismissed for this reason as well.

## IV. PLAINTIFF FAILS TO STATE A NEGLIGENCE CLAIM.

Plaintiff correctly notes that negligence per se does not establish a cause of action separate from negligence. "[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed." *Spencer v. DHI Mortg. Co. Ltd.*, 642 F. Supp. 2d 1153, 1162 (E.D. Cal. 2009). As PeopleConnect argued in the motion, Plaintiff fails to state a claim for ordinary negligence. Motion at 13:27-14:8. Plaintiff's negligence claim fails regardless of whether it is styled as ordinary negligence or negligence per se.

### A. Plaintiff Fails to Adequately Allege Breach of the Duty Ordinary Care.

Plaintiff fails to allege facts sufficient to make a plausible claim that PeopleConnect breached the ordinary duty of care. Plaintiff merely states the duty and breach elements, alleging that PeopleConnect was required to "exercise ordinary care" and "breached the duty of ordinary care . . . by committing a series of negligent acts." FAC ¶¶ 80-81. In the opposition brief, Plaintiff clarifies the alleged breach: "Defendant had the ability to sell only accurate Federal Criminal History reports clearly [sic] neglected to do so when they sold the subject Federal Criminal History report to Plaintiff's neighbor, the Lees." Opp. at 20:2-4. As detailed above, the report that PeopleConnect provided to the Lees—taking all facts alleged in the FAC as true—was not false. Plaintiff's negligence claim fails because

it relies on an untenable, conclusory allegation that the report at issue was false.

**B. Plaintiff Fails to Adequately Allege Causation.**

Plaintiff argues that he adequately pleaded causation under the substantial factor test, and cites *Hughey v. Candoli*, 159 Cal. App. 2d 231 (1958), for that proposition. Opp. at 20:5-12. Under *Hughey*, "[w]here two or more causes combine to produce such a single result, incapable of any logical division, each may be a substantial factor in bringing about the loss, and if so, each may be charged with all of it." *Hughey*, 159 Cal. App. 2d at 241. The rule in *Hughey* does not apply here.

First, *Hughey* is silent on Plaintiff's pleading requirements. A complaint cannot survive a motion to dismiss unless it alleges facts that plausibly (not merely conceivably) entitle a plaintiff to relief. *Iqbal*, 566 U.S. at 678. Plaintiff cannot merely state legal a conclusion or allege that an element of a claim has been satisfied without further "factual enhancement." *Id.* In the opposition, Plaintiff points to a single causation allegation to support his negligence claim: "as a direct and proximate result of Defendant's conduct and acts of negligence, ROGERS suffered an [sic] continues to suffer, humiliation, extreme mental and emotional distress, depression, anxiety, PTSD as well as physical and financial injuries[.]" Opp. at 20:8-12 (quoting FAC ¶ 86). This misses the mark. Plaintiff does not explain how the publication to one person (Jean Lee) of five potential matches to a name search could cause the damages alleged in the complaint.

Second, the substantial factor test does not operate to impose liability on an innocent actor like PeopleConnect. *Hughey*, 159 Cal.App.2d at 241 ("Obviously only culpable causes will be held responsible.") It is a way of holding two *tortfeasors* whose conduct cannot be separated jointly liable for all damage incurred by a plaintiff. *Id*. The rule doesn't apply here.

Third, as pleaded, the conduct of the Lees and PeopleConnect is capable of logical division, and therefore, the substantial factor test does not apply. PeopleConnect's role was limited to being a "search engine"—a tool the Lees used

to advance their campaign against Plaintiff. According to Plaintiff, the Lees initiated the chain of events at issue in the FAC. For some unalleged reason, the Lees purchased a background report about their neighbor, Jason Rogers. FAC ¶ 37. Based on the Lees' selection of a name to search, PeopleConnect provided the Lees with a list of people who had been convicted of federal crimes. *Id.* PeopleConnect did not disclose any information other than the title, file number, filing date, and jurisdiction of each case. FAC ¶ 38. PeopleConnect did not represent that the "Jason Rogers" the Lees searched was the same Jason Rogers as in any of the criminal records. *Id.* Nor should PeopleConnect have reached any such conclusion. By Plaintiff's own admission, the Lees entered a name into a search engine and received results about that name. Opp. at 4:12-13; FAC ¶ 38.

The Lees then took several extraordinary, unforeseeable steps. They selected one case in the PeopleConnect report, conducted their own research, and learned that someone named Jason Rogers was incarcerated for threatening to kill a federal judge in Arkansas. FAC ¶ 43. Even though the Lees lived next to Rogers in San Francisco, they contacted a list of high-level government officials, including the San Francisco District Attorney and City Attorney, to inform them that Jason Rogers was the same Jason Rogers in Arkansas. The Lees' actions defy reason and are easily separated from PeopleConnect's role as owner of a "search engine."

Lastly, Plaintiff argues that the Lees "republication" of the PeopleConnect report was foreseeable. Opp. at 20:18-23. But this is not a case of republication of a defamatory report. As detailed above, the Lees' published information that was not contained in the PeopleConnect report at issue. PeopleConnect's conduct, as alleged, was thus not a substantial factor in any harm incurred by Plaintiff.

### C. <u>Plaintiff Fails to Adequately Allege Negligence Per Se.</u>

Plaintiff also asks the court to presume negligence under a negligence per se approach. Plaintiff fails to adequately allege negligence per se for two reasons.

<u>First</u>, Plaintiff has not adequately alleged violation of any statute. Plaintiff

argues that it is enough to plead that "Defendant has violated two statutes"—California Civil Code Section 45 and California Penal Code Section 532. Opp. at 21:5-12. Not so. Although the court takes Plaintiff's factual allegations as true, it does not afford the same presumption to legal conclusions, including allegations that PeopleConnect violated particular statutes. As detailed in the motion, these statutes require proof of a false statement, and Plaintiff has not alleged facts to support the conclusion that the report at issue was false.

Second, for a negligence per se claim to survive a motion to dismiss, Plaintiff must also identify the class of persons each statute is designed to protect, and allege that he is a member of that class. *Spencer*, 642 F. Supp. 2d at 1162; *see also Coppola v. Smith*, 935 F. Supp. 993, 1017 (E.D. Cal. 2013) (dismissing negligence per se claim because plaintiff failed to allege facts showing plaintiff was within class intended to be protected). The FAC contains no such allegations.

## V. PLAINTIFF FAILS TO STATE FALSE ADVERTISING OR UNFAIR COMPETITION CLAIMS.

### A. Plaintiff Fails to Adequately Allege Standing.

Plaintiff concedes that he is required to allege an economic injury in order to have standing to sue under either the FAL or UCL. Opp. at 22:23-27. As noted in the motion and above, Plaintiff's inclusion of the language "financial injury" in a long list of potential injuries is insufficient to establish standing and survive a motion to dismiss. *See* FAC ¶¶ 77, 86; Motion at 15:11-15. Plaintiff does not disagree. Instead, he seeks leave to amend and add allegations stating that he was unable to work as a standup comedian due to emotional distress. Opp. at 9:8-14.

Plaintiff's new proposed allegations would be futile because the FAL and UCL are not concerned with just any economic injury. As PeopleConnect emphasized in the motion, the FAL and UCL limit standing to individuals who suffer economic losses eligible for restitution. *Warner v. Tinder Inc.*, 105 F. Supp. 3d 1083, 1093 (2015); *Folgerstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986,

993-94 (2011). To show entitlement to restitution, Plaintiff must allege that PeopleConnect is in possession of money or property taken from him. *Warner*, 105 F. Supp. 3d at 1093; *Colgan v. Leatherman Tool Group, Inc.*, 135 Cal. App. 4th 663, 669 (2006) (plaintiff may seek restitution only where the "money or property identified as belonging in good conscience to the plaintiff [can] clearly be traced to particular funds or property in the defendant's possession"); *see also Bank of the W. v. Super. Court*, 2 Cal. 4th 1254, 1268 (1992) (when restitution is ordered, "defendant is asked to return something he wrongfully received; he is not asked to compensate the plaintiff for injury suffered as a result of his conduct"). Plaintiff's allegations regarding his standup comedy career cannot meet this standard. Plaintiff does not allege that he had any relationship with PeopleConnect whatsoever, let alone that PeopleConnect is somehow in possession of his allegedly lost income. Plaintiff's FAL and UCL claims should thus be dismissed without leave to amend.

**B. Additional Reasons Plaintiff Fails to State an FAL Claim.**

PeopleConnect argued in the motion that Plaintiff's FAL claim fails on the pleadings for two additional reasons: (1) the Lees' conduct, as pleaded, does not satisfy the reasonable consumer test; and (2) the FAC is devoid of any allegations that he relied on the statements at issue, or had any consumer relationship with PeopleConnect. Plaintiff's opposition fails to respond to either argument.

First, an FAL plaintiff must allege facts showing that purportedly false advertising would mislead an ordinary consumer. *See Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003) ("'Likely to deceive'. . . . indicates that the ad is such that it is probably that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, would be misled."). The FAC includes no such facts.

Second, Plaintiff cannot state an FAL claim unless he alleges that he actually saw and relied on the alleged false advertising. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 326-28 (2009); *Stanwood v. Mary Kay, Inc.*, 941 F. Supp. 2d 1212, 1219-

20 (2012). Plaintiff alleges that *the Lees* relied on PeopleConnect representations, but does not allege that *he* ever viewed or heard any statement by PeopleConnect, let alone that he relied on one. FAC ¶ 91. Plaintiff's contention that he discovered the PeopleConnect report only a year before filing this lawsuit further establishes that Plaintiff never saw or relied on the report. Plaintiff's FAL claim should be dismissed without leave to amend for this reason as well.

### C. Additional Reasons Plaintiff Fails to State a UCL Claim.

In the motion, PeopleConnect argues that Plaintiff's UCL claim fails under all three UCL prongs. Motion at 16:23-18:18. Plaintiff fails to address any of these in the opposition, instead arguing only that the FAC describes PeopleConnect's business "in great detail" and the report is unlawful, unfair, and fraudulent because PeopleConnect's product "rest[s] on false advertising or the provision of defamatory information." Opp. at 23:17. As detailed in the motion and above, Plaintiff has not alleged facts sufficient to show that PeopleConnect made a false or defamatory statement. Because Plaintiff hinges his UCL claim on the making of a false statement, the claim fails under any prong.

## VI. CONCLUSION

For each of the reasons above and in the motion, PeopleConnect respectfully requests that the Court issue an order dismissing the FAC without leave to amend. PeopleConnect has already alleged the entire report at issue in the FAC. The statements in that report are objectively true. Amendment would thus be futile.

Dated: August 12, 2019

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Justin Jones Rodriguez*
Justin Jones Rodriguez
Kristin Haule
*Attorneys for Defendant*
PEOPLECONNECT, INC. D/B/A INTELIUS

**CERTIFICATE OF CM/ECF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 12, 2019, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Federal Rules of Civil Procedure 5. Any counsel of record who have not consented to electronic service through the Court's CM/ECF system will be served by electronic mail, first class mail, facsimile, and/or overnight delivery.

Dated: August 12, 2019 MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Justin Jones Rodriguez*
Justin Jones Rodriguez
*Attorneys for Defendants*
PeopleConnect, Inc. d/b/a Intelius

324997616.1